**HUIQING ZUO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–74238.**

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2014.*

Filed June 26, 2014.

Huiqing Zuo, San Gabriel, CA, pro se.

Susan Bennett Green, Thankful Townsend Vanderstar, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

**MEMORANDUM** **

Huiqing Zuo, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards govern-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir. 2010). We review de novo due process challenges to immigration decisions. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on Zuo's omission from his application and declaration that family planning officials imprisoned him for approximately one month, and inconsistencies in Zuo's testimony regarding where he was when his wife was forced to have an IUD. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011) (omitted incidents of arrest and mistreatment supported adverse credibility finding); *Shrestha,* 590 F.3d at 1046–47 (in post–REAL ID act cases, an inconsistency need not go to the heart of the claim, but when it does, it is "of great weight"). We reject Zuo's contention that the agency engaged in speculation or conjecture. In light of the supported credibility findings described above, we reject Zuo's due process contention regarding translation problems. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice to prevail on a due process claim). In the absence of credible testimony, Zuo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Zuo's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if re-

turned to China, his CAT claim also fails. *See Farah,* 348 F.3d at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.